United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 9, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 04-11414

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTHA FLORES,

Defendant-Appellant.

On Appeal from the United States District Court
for the Northern District of Texas
D.C. No. 3:03-CR-188-N

Before REAVLEY, JOLLY, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant Martha Flores appeals her conviction on one count of conspiring to

distribute cocaine. Flores challenges (1) the district court's decision to admit

evidence of her mid-trial arrest; and (2) the reasonableness of her sentence. We

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

affirm for the following reasons:

1.      At trial, the district court admitted evidence of Flores's mid-trial arrest for selling cocaine to an undercover officer. Flores argues that the prejudicial effect of this evidence outweighed any probative value, and thus the district court erred in admitting the evidence. *See* FED. R. EVID. 403 & 404(b).

Under our precedent, evidence of an extrinsic act is admissible if, first, the evidence is relevant to an issue other than the defendant's character, and second, if the evidence's prejudicial effect does not substantially outweigh its probative value. *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc). Although acts admissible under Fed. R. Evid. 404(b) generally occur prior to the charged crime, evidence of subsequent acts may also be admitted. *United States v. Osum*, 943 F.2d 1394, 1404 n.7 (5th Cir. 1991). We review for abuse of discretion a district court's decision to introduce evidence of extrinsic acts. *United States v. Gonzalez*, 76 F.3d 1339, 1347 (5th Cir. 1996).

First, Flores's act in selling cocaine to the undercover officer was relevant to her intent to commit the charged crime. In a drug-trafficking case, a not-guilty plea raises the question of intent and justifies the admission of evidence under Fed. R. Evid. 404(b). *United States v. Pompa*, 434 F.3d 800, 805 (5th Cir. 2005); *see also United States v. Roberts*, 619 F.2d 379, 382-83 (5th Cir. 1980) (not-guilty plea

2

raises the issue of intent in a conspiracy case). "Subsequent acts evidence is particularly relevant when intent is at issue." *United States v. Mares*, 441 F.3d 1152, 1157 (10th Cir. 2006). Here, Flores pleaded not guilty to a conspiracy charge, and her extrinsic act was particularly probative. Her drug sale was almost indistinguishable from the charged crime, occurred only a year after the end of the conspiracy alleged in the indictment, and was directly relevant as to whether she had intentionally participated in the conspiracy. *See United States v. Sykes*, 977 F.2d 1242, 1246 (8th Cir. 1992) (evidence of subsequent drug possession in conspiracy case admissible to show knowledge and intent when the subsequent act was "virtually identical" to the charged crime and took place eight months later).

Second, the prejudicial effect of the evidence did not substantially outweigh its probative value. *See United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc). The district court carefully gave the jury two limiting instructions in order to minimize the potential prejudicial effect of the evidence. These instructions (the second of which closely tracked the Fifth Circuit's pattern jury charge) made it clear that the jury was not to use Flores's arrest as proof that "the defendant committed the acts charged in the indictment," but only for "other, very limited purposes" such as mistake or intent. Although Flores contends that these instructions were confusing, they were sufficiently clear. Therefore, the district

court acted within its discretion in admitting proof of Flores's extrinsic act.

2.	We have held that "[t]he sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range. . . ." *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).  As the district court properly determined Flores's Guidelines range and sentenced her within that range, we find Flores's sentence reasonable.  *See id.*

AFFIRMED.